**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

March 28, 2019

**BY ECF**

Hon. Stewart D. Aaron
United States Magistrate Judge
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

    Re:    *United States v. Dario Quirumbay*, S1 18 Cr. 890 (SDA)

Dear Judge Aaron:

The defendant in this case, Dario Quirumbay (the "defendant"), is scheduled to be sentenced on April 1, 2019, having pled guilty to providing contraband to inmates in a federal prison. The Government respectfully submits this letter in advance of the sentencing. Consistent with a plea agreement between the parties, the Probation Department has determined that the United States Sentencing Guidelines ("Guidelines") range is 0 to 6 months' imprisonment. For the reasons set forth below, the Government submits that a sentence within the Guidelines range is appropriate.

    **I.**    **Offense Conduct**

During the time period relevant to this case, the defendant was a correctional officer in the Metropolitan Correctional Center ("MCC"). The MCC prohibits inmates from possessing cellular phones and alcohol and prohibits correctional officers from providing any such contraband to inmates.

In or around the fall of 2017, the defendant agreed to provide an inmate two cellular phones in exchange for a cash bribe. To facilitate the scheme, the defendant met a coconspirator of the inmate near a Dunkin' Donuts in Jersey City, New Jersey. There, the defendant accepted two Apple iPhones and approximately $1,400. (*See* Defendant Submission at 4.)

The defendant kept the $1,400 and thereafter secreted into the MCC the two Apple iPhones, chargers and a small bottle of alcohol.

The defendant was arrested on August 23, 2018. Following a proffer meeting with the Government, the defendant plead guilty before this Court to a Misdemeanor Superseding Information on December 28, 2018.

The Government notes that the defendant was forthcoming during his proffer session with the Government, accepted responsibility for his actions, was credible and tried to be helpful, but ultimately was unable did not provide substantial assistance to the Government.

## II.  Discussion

### A.  Applicable Law

The Guidelines still provide important guidance to the Court following *United States v. Booker*, 543 U.S. 220 (2005), and *United States v. Crosby,* 397 F.3d 103 (2d Cir. 2005).  Indeed, although *Booker* held that the Guidelines are no longer mandatory, it also held that they remain in place and that district courts must "consult" the Guidelines and "take them into account" when sentencing.  *Booker*, 543 U.S. at 264.  As the Supreme Court stated, "a district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range," which "should be the starting point and the initial benchmark."  *Gall v. United States*, 552 U.S. 38, 49 (2007).

After that calculation, however, a sentencing judge must consider seven factors outlined in Title 18, United States Code, Section 3553(a): (1) "the nature and circumstances of the offense and the history and characteristics of the defendant"; (2) the four legitimate purposes of sentencing, as set forth below; (3) "the kinds of sentences available"; (4) the Guidelines range itself; (5) any relevant policy statement by the Sentencing Commission; (6) "the need to avoid unwarranted sentence disparities among defendants"; and (7) "the need to provide restitution to any victims," 18 U.S.C. § 3553(a)(1)-(7).  *See Gall*, 552 U.S. at 50 & n.6.

In determining the appropriate sentence, the statute directs judges to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes" of sentencing, which are:

> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> (B) to afford adequate deterrence to criminal conduct;
> (C) to protect the public from further crimes of the defendant; and
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 .S.C. § 3553(a)(2).

### B.  A Guidelines Sentence Is Reasonable in This Case

A sentence within the Guidelines range is appropriate in this case to reflect the seriousness of the defendant's offense and to afford adequate deterrence of future criminal conduct to others similarly situated.  *See* 18 U.S.C. § 3553(a)(2)(A)-(C).

*First*, a sentence within the Stipulated Guidelines Range is necessary to reflect the seriousness of the defendant's offense.  The defendant's conduct was a significant breach of the public trust.  The defendant abused his position to financially benefit himself and knowingly

accepted a bribe to allow inmates to possess contraband which the MCC forbids. Cellular phones are prohibited from the MCC for good reason, their presence in a correctional facility provides inmates an avenue to commit crimes and tamper with witnesses during calls, which are not recorded. The Government notes that it credits the defense's representation that this was the only infraction committed by the defendant while employed at the MCC. But the Government disagrees that because an inmate suggested the scheme that mitigates the defendant's role. The defendant was charged with upholding the regulations of the facility and accepting an offer of cash made by an inmate does not diminish that responsibility.

*Second*, a sentence within the Guidelines range serves the interest of general deterrence. General deterrence is an important sentencing interest in the context of the prison system. Unfortunately, there is contraband flowing into the MCC and other correctional facilities through the work of inmates, their friends and families, and occasionally prison staff. That the defendant was in a positon of trust when he agreed to smuggle contraband inside emphasizes the need for the Court to send an appropriate message that this conduct is serious.

*Third*, notwithstanding the above, the Government believes the Court should take into account that the defendant attempted to cooperate with the Government and was forthcoming but ultimately unable to provide substantial assistance. In addition, the defendant's personal history is unique and his record of military service on behalf of the United States is profound. Those are certainly mitigating factors, which are appropriate for the Court to consider and were considered by the Government when it agreed to extend an offer to plea to misdemeanor rather than any of the felonies charged in the complaint.

For the reasons set forth above, the Government respectfully requests that the Court impose a sentence within the Guidelines range, as such a sentence would be sufficient but not greater than necessary to serve the legitimate purposes of sentencing. The Government also requests that the Court include a financial sanction of at least $1,400, which is the amount the defendant accepted from a prison inmate.

Very truly yours,

GEOFFREY S. BERMAN
United States Attorney

by: /s/
Ryan Finkel
Assistant United States Attorney
(212) 637-6612